Abe J. GUSTIN, Jr., Plaintiff/Counterclaim Defendant,

v.

The **FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for the Merchants Bank, Defendant/Counterclaim Plaintiff,**

and

**Boatmen's First National Bank of Kansas City, Defendant/Counterclaim Plaintiff.**

No. 93–0054–CV–W–1.

United States District Court, W.D. Missouri, W.D.

Dec. 8, 1993.

Order on Stipulation for Dismissal Jan. 25, 1994.

James Borthwick, Kansas City, MO, for plaintiff.

James F. Duncan, Kansas City, MO, for Boatmen's.

Mark McGrory, Kansas City, MO, for FDIC.

## ORDER

WHIPPLE, District Judge.

Before the Court is Boatmen's Bank's second motion for summary judgment on Abe Gustin's second amended complaint and count I of Boatmen's counterclaim. Said motion, together with suggestions in support, was filed on October 15, 1993. Gustin filed suggestions in opposition on November 12, 1993. Boatmen's filed reply suggestions on November 19, 1993. For the reasons discussed below, the Court deems the issues presented in said motion nonjusticiable, and consequently, denies said motion.

On October 20, 1993, 835 F.Supp. 503, the Court issued an Order granting Boatmen's summary judgment on Gustin's second amended complaint and Count I of Boatmen's counterclaim. The Court ruled that Gustin's claims were barred by a settlement agreement signed by Gustin and by the *D'Oench Duhme* doctrine, codified at 12 U.S.C. § 1823(e). In this motion, Boatmen's requests the Court to entertain a third basis for the Court's October 20, 1993 Order, namely judicial estoppel.

The Court finds that such a request is inappropriate in that Boatmen's motion presents no "case" or "controversy." If the Court were to rule on the merits of the motion, it would be, in effect, issuing an advisory opinion in direct violation of the United States Constitution, Article III, Section 2. *See Muskrat v. United States,* 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911). As the Supreme Court stated in *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937):

A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

The Court understands Boatmen's desire for an additional basis for its summary judgment so as to improve its position on appeal. In addition, the Court is aware of the effort put forth by each party in preparing its briefs. Unfortunately, the Court finds its hands tied by the United States Constitution.

Accordingly, it is ORDERED that Boatmen's motion is DENIED.

## *ORDER*

Before the Court is the Stipulation for Dismissal entered into by plaintiff, Abe J. Gustin, Jr., defendant and counterclaim plaintiff, The Federal Deposit Insurance Corporation, and defendant and counterclaim plaintiff, Boatmen's First National Bank of Kansas City. The Court finds that all counts

of plaintiff's Second Amended Complaint and defendants' counterclaims have been disposed of by settlement, dismissal or judgment and that no claims or counterclaims remain for adjudication beyond this Order. The Court further finds that the Stipulation for Dismissal of the parties should be, and hereby is, adopted as this Court's Order.